Anoush Hakimi (State Bar No. 228858)
anoush@handslawgroup.com
Peter Shahriari (State Bar No. 237074)
peter@handslawgroup.com
**H & S LAW GROUP, PLC**
7080 Hollywood Blvd., Suite 804
Los Angeles, California 90028
Telephone: (323) 672 – 8281
Facsimile: (213) 402 – 2170

Attorneys for Plaintiff,
**SHAMAR JACKSON**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMAR JACKSON,<br><br>　　　Plaintiff,<br><br>　v.<br><br>DAVID LEE, AN INDIVIDUAL;<br>ANNA Y LEE, AN INDIVIDUAL; and<br>DOES 1-10,<br><br>　　　Defendants. | Case No.: 2:20-cv-03072-PA-PVC<br><br>**PLAINTIFF'S CASE STATEMENT** |

　　　Pursuant to the Court's May 18, 2020, (ECF Document No. 74), Plaintiff provides the following Plaintiff's Case Statement

**A. FACTS**

　　　Shamar Jackson suffers from limitations cause by an aortic heart valve repair and scoliosis in his spine. He has difficulty walking and getting around. He gets shortness of breath and limited range of movement in his lower and mid body.

1

PLAINTIFF'S CASE STATEMENT

Exhaustion, light headedness and heart murmur limit major life functions. Plaintiff is a California resident with physical disabilities. Defendant owned the property ("Property") located at 6110 Sepulveda Blvd., Van Nuys, CA 91411, at all relevant times. There is a business establishment on the Property known as "Pep Boys Auto Part and Service". Plaintiff visited the Property, but when he did Defendant did not offer persons with disabilities with equivalent facilities, privileges and advantages offered by Defendant to other patrons. Plaintiff encountered barriers (both physical and intangible) that interfered with – and denied – Plaintiff the ability to use and enjoy the goods, services, privileges and accommodations offered at the Property.

## ITEMIZED LIST OF CONDITIONS

- There are no signs posted at either of the off-street entrances to the parking lot which provide information about unauthorized parking in disabled spaces. 2010 CBC 1129B.4.
- The path of travel from the space reserved for disabled patrons, the ground surface is uneven, with changes in level exceeding 1/2". 2010 CBC Code 1133B.7.1.
- The words "No Parking" are missing from the adjacent loading/unloading access aisle. 2010 CBC Code 1129B.3.1.
- There are signs for unauthorized parking in disabled parking spaces however it is obscured from being read because is covered with adhesive stickers and other vandalism, making it difficult for Plaintiff, other patrons to read the sign. The sign was vandalized and left vandalized. 2010 CBC Code 1129B.1; ADA 2010 section 502.6.

- The paint used for the designated accessible parking spaces was faded and cannot be seen. There was no compliant surface signage at the designated disabled parking space. The International Access Symbol was so faded and worn that it cannot be read. The street surface (pavement) signage was unreadable because the paint has faded. 2010 CBC Code 1129B.4.1 & 2.
- There is no accessible path of travel into the building entrances. There is no safe way for Plaintiff to park and then travel to the entrance of the Property. 2010 CBC Code Section 1127B.1.
- There is no directional signage showing an accessible path of travel. 2010 CBC Code Section 1127B.1; ADA 1991 Code § 4.6.2(1).
- The path of travel from the designated disabled parking space to the entrance has damaged ground which is uneven. The damaged ground is uneven with loose material. There are cracks and uneven surfaces. The surface of the ground within the designated path of travel leading into the entrance is not flat. This makes traveling in this area difficult. The path of travel from the designated disabled parking space to the entrance runs into cracks and changes in level greater than 1/2 inch but provides no ramps. These steep changes in level create uneven surfaces. 2010 CBC 1133B.7.4; ADA 2010 section 303.3.
- Inside the building, the front door entrance threshold and weather strip has changes in level greater than 1/2 inch but provides no ramps. This makes traversing this area difficult. 2010 CBC Code 1133B.7.4; ADA 2010 § 303.3.
- The floor space lacked clear width of thirty-two (32) inches at multiple points and thirty-six (36) inches continuously, as is required. This is true of product displays, areas around the counter, and interior

paths. Plaintiff cannot get around inside the business, because Plaintiff is blocked by product displays. 2010 CBC Section 1118B.1; ADA 4.2.1.
- The toilet tissue dispenser is mounted more than 12" from the front edge of the toilet seat, making it hard for Plaintiff to use the toilet. 2010 CBC Section 1115B.8.4; ADA 1991 Code § 4.16.6; ADA 2010 Code § 604.7.
- The door opening force was greater than 5 pounds (22.2 N1), making it hard for Plaintiff to get inside the restroom. 1133B.2.5; ADA 1991 Code § 4.13.11; ADA 2010 Code § 404.2.9.

### B. DAMAGES

Statutory Damages. Plaintiff seeks actual damages and statutory damages. Case precedent in this jurisdiction *directs courts to award statutory minimums of $4,000 per visit where the Plaintiff was discriminated against, even where a jury awards less than $4,000 per visit.*

### C. DAMAGES

Unfortunately, while the damages were initially modest when Plaintiff first filed this claim and sought to resolve this matter with the defendant, they have not been taken seriously by Defendant's and as a result continued litigation has ensued:

Attorney's Fees are available to recover under the ADA and the related California state statute. Plaintiff seeks attorney's fees and costs as litigation expenses as follows:

Statutory Damages (*not including deterred visits*): $12,000.
Attorney's Fees and Costs (e.g. process service, Chambers ,copies and surveillance/investigation): $6,400

### D. DEMAND

4

PLAINTIFF'S CASE STATEMENT

Plaintiff makes a demand for, including but not limited to:

- Posting signage at either of the off-street entrances to the parking lot which provide information about unauthorized parking in disabled spaces.
- Posting directional signage showing an accessible path of travel.
- Repainting the designated parking spaces so that they are visible.
- Painting the street surface (pavement) signage including but not limited to The International Access Symbol on the disabled spaces and "No Parking" on the adjacent loading/unloading access aisles so that they are visible.
- Repaving the asphalt to eliminate uneven surfaces, cracks and loose materials.
- Repaving the walking area to the entrance to meet the requirement of a minimum width of 48".
- Creating an accessible path of travel from the designated disabled parking spaces into the building entrances.
- Removing the adhesive stickers and other vandalism on the sign for unauthorized parking in disabled spaces so that it is legible.
- Mounting the toilet tissue dispenser so that it is mounted less than 12" from the front edge of the toilet seat.
- Providing ramps for entrance threshold that has changes in level greater than ½ inch.
- Installing restroom door with an opening force less than 5 pounds.
- Providing a clear floor space area that has a clear width of 32" at multiple points and 36" continuously.

Plaintiff may also discover additional architectural barriers which he did not

personally encounter yet and are not alleged thus far. If Plaintiff discovers additional violations, he will demand their compliance with the ADA also as allowed by case precedent.

Plaintiff's demand for damages and attorney's fees, including fees, litigation costs and expenses, is $18,400.

### E. CONCLUSION

The above amounts are limited to attorney's fees and costs which have been incurred as of May 28, 2020. They do not include future expenses which will likely be incurred through the mediation date. A formal mediation will necessarily require the attendance of Plaintiff's counsel.

DATED:   May 28, 2020          H & S LAW GROUP, PLC


By:   /s/ Peter Shahriari, Esq.
      PETER SHAHRIARI, Esq.
      Attorneys for Plaintiff Shamar Jackson